ELECTRONICALLY FILED
2021 Oct 05 4:38 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

BILLY RAYMOND,

  Plaintiff,

vs.

RAKESH KUMAR and
DSD TRUCKING, INC.,

  Defendants.

DOCKET NO: CT-4003-21
DIVISION NO: IX
JURY DEMANDED

## COMPLAINT

**COMES NOW** the Plaintiff, Billy Raymond, by and through counsel, and files this Complaint against the Defendants, Rakesh Kumar and DSD Trucking, Inc. (hereinafter collectively "Defendants"), for personal injuries and damages and would respectfully state unto this Honorable Court the following to wit:

### PARTIES

1. The Plaintiff, Billy Raymond (hereinafter "Plaintiff"), is an adult resident and citizen of Picayune, Pearl River County, Mississippi.

2. Upon information and belief, Defendant, Rakesh Kumar (hereinafter "Defendant Kumar"), is an adult resident and citizen of Hicksville, Nassau County, New York, and may be served with process at 5 Tobias Street, Apartment 1180, Hicksville, New York 11801.

3. Upon information and belief, Defendant, DSD Trucking, Inc. (hereinafter "Defendant DSD"), is a domestic corporation, doing business in the State of Tennessee, whose principal address is located at 2411 Santa Fe Avenue, Redondo Beach, Los Angeles County, California 91278. Upon information and belief Defendant DSD may be served with process

1

through its Registered Agent, Daniel Joseph Cuevas, located at 2411 Santa Fe Avenue, Redondo Beach, California 91278.

## JURISDICTION AND VENUE

4. Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligent operation of a tractor/trailer driven by Defendant Kumar in Memphis, Shelby County, Tennessee on or about October 10, 2020.

5. All events which form the basis of this Complaint occurred in Memphis, Shelby County, Tennessee.

6. Venue is properly situated in Shelby County pursuant to Tenn. Code Ann. §20-4-101.

7. This Court has general jurisdiction of this matter pursuant to Tenn. Code Ann. §16-10-101.

## FACTS

8. Plaintiff alleges that at all times material hereto, Defendant DSD was the registered owner of the tractor/trailer driven by Defendant Kumar. At all times pertinent to the allegations set forth in this Complaint, Defendant Kumar was an agent, servant, and/or employee and was driving said vehicle with the permission, consent, knowledge and/or approval of Defendant DSD and/or was operating same within the purview of the Family Purpose Doctrine. Thus, Plaintiff relies upon Tenn. Code Ann. §55-10-311 and Tenn. Code Ann. §55-10-312, the Doctrines of Respondeat Superior and Agency, as well as the Family Purpose Doctrine, whereupon Plaintiff would allege that every act of negligence as alleged herein against Defendant Kumar is imputed to Defendant DSD and, Defendant DSD, is liable to Plaintiff for Plaintiff's resulting injuries and damages.

9. On or about October 10, 2020, at approximately 7:30 p.m., Plaintiff was traveling southbound on Highway Seventy-Eight (78) (hereinafter "Hwy. 78."), approaching the intersection of Hwy 78 and Pleasant Hill Road (hereinafter "Pleasant Hill Rd.").

10. At all times relevant hereto, Plaintiff was operating a 2020 Kentworth Construction Tractor Truck (hereinafter "Kentworth Tractor Truck"), bearing the VIN 1XKYDP9X5LJ360626, while hauling a semi-trailer.

11. At all times relevant hereto, Defendant Kumar, was in the course and scope of his employment with Defendant DSD and was operating a 2017 Freightliner Cascadia - Tractor Truck (hereinafter "Freightliner Tractor Truck"), bearing the VIN 3AKJHHDRIKSKF2872 and was hauling a semi-trailer, also owned by Defendant DSD.

12. At the same time, while in the course and scope of his employment with Defendant DSD, Defendant Kumar was also traveling southbound on Hwy 78 approaching the intersection of Hwy 78 and Pleasant Hill Rd., behind Plaintiff.

13. Prior to the impact described herein, there is a traffic light that controls all directions of traffic at the intersection of Hwy. 78 and Pleasant Hill Rd.

14. Prior to the impact described herein, Plaintiff was lawfully stopped at the red traffic light at the intersection of Hwy. 78 and Pleasant Hill Rd. waiting for traffic to resume.

15. Suddenly and without warning, the rear end of the Kentworth Tractor Truck, Plaintiff was operating, was struck by the front end of the Freightliner Tractor Truck, being operated by Defendant Kumar.

16. At all times relevant hereto, Defendant Kumar negligently followed too closely behind Plaintiff, while also failing to maintain safe speed, lookout, and control of the tractor/trailer,

Defendant Kumar was operating, causing the subject collision and Plaintiff to sustain multiple injuries.

17. There was nothing that Plaintiff could have done to avoid or minimize the collision or the damages resulting therefrom.

18. At all times pertinent to this Complaint, Defendant Kumar was an employee, agent and/or independent contractor of and on or about the business of Defendant DSD when the collision occurred, and Plaintiff hereby relies on the doctrine of *Respondeat Superior*.

19. Defendant DSD is believed to be the true owner of the Freightliner Tractor Truck, Defendant Kumar was operating, and the semi-trailer, Defendant Kumar was hauling.

20. Plaintiff pleads, Defendant Kumar was using the Freightliner Tractor Truck and semi-trailer with Defendant DSD's authority, consent and knowledge pursuant to Tenn. Code Ann. §55-10-311.

## OPERATIVE FACTS

21. Defendant Kumar was following too closely behind Plaintiff and failed to maintain proper lookout and control of the tractor/trailer, Defendant Kumar was operating, and struck Plaintiff's vehicle with the tractor/trailer, Defendant Kumar was operating, causing the subject collision.

22. Plaintiff was an innocent victim who in no way contributed to causing any collision and/or any injury to herself or anyone else on October 10, 2020. There was nothing Plaintiff could do to avoid or minimize the collision or any of the damages resulting therefrom.

23. At the time of the collision, Defendant Kumar was an employee, agent and/or independent contractor of Defendant DSD.

4

24. At the time of the collision, Defendant Kumar was acting in the course and scope of his employment with Defendant DSD and in the furtherance of the business of Defendant DSD.

25. The tractor/trailer driven by Defendant Kumar on October 10, 2020, was owned by Defendant DSD.

26. The collision was caused by the negligence of Defendants.

27. The collision was foreseeable to Defendant Kumar and Defendant DSD and could have been avoided had said Defendants acted in a safe and prudent manner as required by Tennessee law and in accordance with the standards required of professional truck drivers and motor carriers.

28. At the time of the subject collision, Defendant Kumar had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Tennessee law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Tennessee law, including, but not limited to, the Required Knowledge and Skills set forth in 49 CFR Sections 383.111 and 383.113 as well as the mandates of 49 CFR Sections 390-395.

29. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered severe, permanent and catastrophic injuries.

## CAUSE OF ACTION
## NEGLIGENCE

30. Plaintiff reincorporates paragraphs 1-29 as though set forth verbatim.

31. Defendant Kumar was at all times relevant to the events complained of, an employee, agent, and/or independent contractor of Defendant DSD

32. Plaintiff relies upon the doctrines of Agency and *Respondeat Superior* and avers that Defendant DSD. is liable for the negligence of its employee, agent and/or independent contractor, Defendant Kumar.

33. Defendant Kumar had a duty to operate the commercial vehicle in a safe and prudent manner in accordance with Defendant Kumar's training as a professional commercial motor vehicle driver and so as not to endanger the life and welfare of Plaintiff and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of and around them, and operating their commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

34. Defendant Kumar had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Tennessee law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Tennessee law, including but not limited to, the Required Knowledge and Skills set forth in 49 CFR § 383.11 and §383.113 as well as the mandates of 49 CFR § 390-395.

35. Plaintiff charges and alleges that all of the acts and/or omissions of common law negligence of the driver, Defendant Kumar, are imputed to the owners of the tractor truck, Defendant DSD

36. Defendant Kumar is guilty of the following acts of common law negligence, which are the direct and proximate cause of the injuries complained of herein, to wit:

    a. Negligent in failing to use that degree of care and caution in the operation of their vehicle as required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    b. Negligent in failing to maintain a proper lookout for other vehicles and persons;

  c. Negligent in failing to keep his vehicle under proper control;

  d. Negligent in failing to warn Plaintiff;

  e. Negligent in failing to devote his full time and attention to the operation of his vehicle;

  f. Negligent in failing to bring and/or keep the vehicle he was operating under proper control when he saw or should have seen, in the exercise of reasonable care, that a collision was imminent;

  g. Negligent in failing to prevent the collision and resulting injuries of Plaintiff when Defendant knew or in the exercise of ordinary care, should have known that a collision was imminent;

  h. Negligent in striking the vehicle in front of Defendant;

  i. Negligent in following too closely;

  j. Negligent in failing to yield the right of way to other vehicles in Defendant's path;

  k. Negligently failing to yield to oncoming traffic; and

  l. Such other specifications of negligence that shall be added by amendment or proved at trial.

## NEGLIGENCE *PER SE*

37. Plaintiff repeats the allegations contained in paragraphs 1-36 as though set forth verbatim.

38. Plaintiff charges and alleges that Defendant Kumar was guilty of violating one or more of the following statutes of the State of Tennessee, each and every such statute being in full force and effect at the time and place of the collision complained of, each and every such violation

constituting a separate and distinct act of negligence *per se*, and each and every such act constituting a direct and proximate cause of the Plaintiff's injuries and damages, to-wit:

> **Tenn. Code Ann. § 55-8-103:**   Required obedience to traffic laws – Penalty;
>
> **Tenn. Code Ann. § 55-8-109:**   Obedience to any required traffic-control device;
>
> **Tenn. Code Ann. § 55-8-123:**   Driving on roadways laned for traffic;
>
> **Tenn. Code Ann. § 55-8-124:**   Following too closely;
>
> **Tenn. Code Ann. § 55-8-128:**   Vehicle approaching or entering intersection;
>
> **Tenn. Code Ann. § 55-8-136:**   Drivers to exercise due care;
>
> **Tenn. Code Ann. § 55-8-197:**   Failure to yield right of way; and
>
> **Tenn. Code Ann. § 55-10-205:**  Reckless driving;

39. Plaintiff further alleges that Defendant Kumar was guilty of violating one or more of the following Ordinances of the City of Memphis which were in full force and effect at the time and place of said accident, and that the violation of the aforesaid Ordinances were the direct and proximate cause of the Plaintiff's injuries and damages, to wit:

> **Sec. 11-16-2**:   Duty to devote full time and attention to operating vehicle;
>
> **Sec. 11-16-3**:   Duty to drive at safe speed, maintain lookout and keep vehicle under control;
>
> **Sec. 11-16-14**: Driving on roadways lanes for traffic;
>
> **Sec. 11-16-20**: Following too closely; and
>
> **Sec. 11-16-44**: Reckless driving.

40. Upon information and belief, Defendant DSD maintained the tactor/trailer being operated by Defendant Kumar for the use of business and commercial purposes.

41. At all times relevant, the tractor/trailer driven by Defendant Kumar was being operated and used with the authority, consent and knowledge and/or as an employee, agent and/or

independent contractor of Defendant DSD, and/or for its use and benefit and/or as an employee, agent and/or independent contractor of Defendant DSD for a business purpose. Thus, Defendant Max Zero is liable to Plaintiff for the negligence and negligence *per se* of Defendant Kumar pursuant to the principles of *Respondeat Superior*, Agency, bailment and/or under the presumptions set forth in Tenn. Code Ann. § 55-10-311 and 55-10-312.

42. Defendant DSD was also **independently** negligent in the following ways:

   a. Negligently hiring or contracting with Defendant Kumar to drive the tractor-trailer at issue;

   b. Negligently training Defendant Kumar in the inspection of the tractor/trailer;

   c. Negligently training Defendant Kumar in the operation of the tractor/trailer;

   d. Negligently entrusting Defendant Kumar to drive a tractor/trailer professionally;

   e. Negligently retaining Defendant Kumar to drive the tractor/trailer at issue;

   f. Failing to conduct proper and required checks on the background of its employee, agent and/or independent contractor, Defendant Kumar;

   g. Failing to supervise its employee, agent and/or independent contractor, Defendant Kumar;

   h. Failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate;

   i. Failing to have or enforce an appropriate policy on properly and safely changing or merging lanes while driving on two-lane roads;

  j. Negligently routing this driver and/or negligently allowing this driver to change lanes improperly;

  k. Otherwise violating state laws and federal regulations governing trucking companies;

  l. Otherwise failing to act as a reasonably prudent company under the circumstances; and

  m. Such other specifications of negligence that shall be added by amendment or proven at trial.

43. Defendant DSD had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

44. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered significant and serious injuries, which would not have otherwise occurred.

45. The above-referenced acts of negligence of the Defendants were the cause, in fact, and proximate cause of the incident described in this Complaint, which resulted in the Plaintiff suffering significant physical and emotional injuries and damages.

## NEGLIGENT ENTRUSTMENT

46. Upon information and belief, Defendant DSD furnished and/or gave permission to Defendant Kumar to use the tractor/trailer and thus was negligent in entrusting the operation of the tractor/trailer owned by Defendant DSD, which was the direct and proximate cause of the damages to Plaintiff.

47. At all times relevant, the tractor/trailer driven by Defendant Kumar was entrusted to him by Defendant DSD in spite of Defendant Kumar's incompetence to use it, and Defendant

DSD's knowledge of Defendant Kumar's incompetence. Thus, Defendant DSD is liable to Plaintiff for the negligent entrustment of the tractor/trailer to Defendant Kumar.

## NEGLIGENT HIRING

48. Defendant DSD negligently hired, retained, and/or was negligent in its supervision of Defendant Kumar in the course and scope of Defendant Kumar's duties as an employee, agent and/or independent contractor of Defendant DSD.

49. Defendant DSD's hiring practices fall below the applicable standard of care and result in a breach of duty to the other drivers on the road by putting untrained and/or unqualified drivers behind the wheel of their tractor/trailer(s).

## NEGLIGENT SUPERVISION

50. Defendant DSD failed to adequately supervise and train its employee, agent and/or independent contractor, and in particular Defendant Kumar, which resulted in injury to Plaintiff.

## COMPENSATORY DAMAGES

51. Plaintiff reincorporates the allegations contained in paragraphs 1-50 as though set forth verbatim.

52. Plaintiff alleges that as a direct and proximate result of the herein above described acts of gross negligence, malice, reckless disregard for the safety of others, willful and wanton conduct, and negligence of Defendants, Plaintiff sustained multiple, serious, and disabling injuries to Plaintiff's body as a whole, including but not limited to, neck pain, bilateral shoulder pain, upper and lower back pain; left leg pain, lower back pain that radiates down the left arm, right arm, right leg and right foot; strain of neck muscle; numbness and tingling to the right hand, wrist and arm; disc bulge at L3-S1; disc protrusion at C3-C5, disc bulge at C6-C7 and sever neck pain with suboccipital headaches and intrascapular pain.

53. Plaintiff alleges that Plaintiff has endured pain and suffering from the injuries arising out of the subject collision.

54. Plaintiff alleges that Plaintiff has incurred reasonable and necessary medical expenses in order to alleviate Plaintiff's pain and suffering.

55. Medical expenses, which expenses are hereby itemized pursuant to Tenn. Code Ann. §24-5-113(b), and are attached to this Complaint as *Exhibit "A"*

| | |
|---|---:|
| *Highland Community Hospital* | *$6,245.60* |
| *Willow Bend Emergency Group* | *$2,089.00* |
| *Southern Bone and Joint* | *$40,240.00* |
| *Highland Community Hospital* | *$1,545.00* |
| *Merit Health Wesley* | *$3,052.50* |
| *Comprehensive Radiology Services* | *$41.00* |
| *Southern Star Medical Group* | *$306.00* |
| *Merit Health Wesley* | *$64,114.65* |
| *Comprehensive Radiology Services* | *$46.00* |
| *Southern Star Medical Group* | *$315.00* |
| *Neuroplexus* | *$61,943.00* |
| *Life Care Technology* | *$75.00* |
| *Highland Community Hospital* | *$2,272.00* |
| *Merit Health Wesley* | *$29,354.50* |
| *Comprehensive Radiology Services* | *$1,509.00* |
| **TOTAL:** | **$213,148.25** |

56. Plaintiff further alleges that Plaintiff has sustained a loss of enjoyment and quality of the normal pleasures of life as a result of the subject collision, past, present, and future.

57. Plaintiff further alleges that Plaintiff has sustained mental anguish as a result of the subject collision, past, present, and future.

58. As a direct and proximate result of the Defendants' negligence, including the violations of statutes and ordinances covering the operation of motor vehicles within the State of Tennessee, Plaintiff incurred medical expenses due to the residual effects of this subject collision.

59. As a direct and proximate result of the Defendants' negligence, and acts or omissions of Defendants, Plaintiff was caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to, those listed in this Complaint.

### RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED** Plaintiff, Billy Raymond, respectfully prays:

1. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, and lost wages according to proof;

2. That Plaintiff be awarded the present cash value of any medical care and treatment that has or will have to undergo;

3. That the Plaintiff be awarded compensatory damages in an amount of no less than One Million and no /100ths Dollars ($1,000,00.00);

4. That Plaintiff be awarded post-judgement interest as allowed by law;

5. That a jury be empaneled to try the issues which are joined; and

6. Such further relief as the Court may deem just and equitable.

Respectfully Submitted,

_____
Quinton E. Thompson (TN BPR#34468)
*Attorney for Plaintiff*
**MORGAN & MORGAN – MEMPHIS, LLC**
80 Monroe Avenue, Suite 900
Memphis, Tennessee 38103
P: (901) 333-1851
F: (901) 524-1798
E: qthompson@forthepeople.com

13